**Dated: August 24, 2021**
**The following is ORDERED:**

_____
**M. Ruthie Hagan**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**
_____

In re:

| | |
|---|---|
| GETWELL PHARAMCY OF TENNESSEE, INC., | Case No. 21-21598-H |
| | Chapter 11, Subchapter V |
| Debtor. | |

_____

**ORDER ON EMERGENCY MOTION FOR ENTRY OF ORDER AUTHORIZING**
**DEBTOR TO INCUR POST-PETITION CREDIT**
_____

This matter came on to be heard on July 27, 2021, upon the Emergency Motion for Entry of Order Authorizing Debtor to Incur Post-Petition Credit [Doc 49] ("the Motion") filed by GetWell Pharmacy of Tennessee, Inc. ("Debtor"), and upon consideration of the Motion, AmerisourceBergen Drug Corporation's Objection to Debtor's Emergency Motion for Entry of Order Authorizing Debtor to Incur Post-Petition Credit [Doc 56], statements of counsel for the Debtor, the Subchapter V Trustee, and counsel for AmerisourceBergen Drug Corporation, and the entire record, the Court makes the following findings of fact and conclusions of law:

**IT IS HEREBY ORDERED** that

1. Debtor seeks an order approving the post-petition financing to be provided by Broadway Advance Funding ("Broadway") in the amount of $10,000 pending an expanded agreement to provide equity capital to the Debtor no later than August 11, 2021. A copy of the Promissory Note evidencing the $10,000 funding and bearing interest at twenty-five percent (25%) per annum, was admitted as Exhibit A.

2. Under the terms of the proposed Broadway financing, Debtor anticipates purchasing new inventory of approximately $6,000, including brand inventory. The proposed advance will be sufficient for the Debtor to operate an additional thirty-day period. Broadway will be granted a priming lien solely to the extent of $10,000 and said priming lien shall not secure, nor be deemed to secure, any prepetition amounts owing to Broadway.

3. AmerisourceBergen Drug Corporation ("Amerisource") asserts a first priority lien on and security interest in all assets of the Debtor pursuant to its prepetition agreements, financing statements and this Court's prior cash collateral orders. Amerisource shall continue to have replacement liens in all assets of the Debtor to the same extent and validity as it had pre-petition subject to the priming lien of Broadway. The granting of the priming lien to Broadway will not erode Amerisource's collateral.

4. Pursuant to Section 364, Amerisource is adequately protected by the infusion of the Broadway funds and continuation of the replacement lien granted to Amerisource in all of the assets of the Debtor, as set forth herein and in prior cash collateral orders.

5. If, notwithstanding the adequate protection previously provided to Amerisource for the use of its cash collateral, the priming lien granted to Broadway results in a diminution in the value of Amerisource's collateral from the value of such collateral on the petition date,

Amerisource shall have an allowed claim equal to such diminution for the failure of adequate protection as contemplated in 11 U.S.C. § 507(b).

Approved as to form:

/s/ Steven N. Douglass_____
Steven N. Douglass (Tenn. Disc. No. 9770)
Harris Shelton Hanover Walsh, PLLC
40 S. Main Street, Suite 2210
Memphis, Tennessee 38103-2555
(901) 525-1455
snd@harrisshelton.com
*Counsel to the Debtor and Debtor in Possession*

Service to be made upon the matrix and all parties who have requested notice.